GREGORY, Circuit Judge,
concurring:
I write separately to express my reasons for affirming Clyburn’s conviction for conspiracy to manufacture fifty grams or more of a mixture containing a detectable amount of methamphetamine under Count One. Clyburn concedes that he engaged in a conspiracy with the Lovells to manufacture methamphetamine on May 30, 2004, and only challenges the amount attributable to that conspiracy. According to Clyburn’s trial testimony, the Lovells asked him to make methamphetamine for a party they were hosting at their residence. J.A. 191-92. The Lovells supplied Clyburn with two boxes of matches and four boxes of thirty-milligram Sudafed pills. Clyburn cooked and gassed the pseudoephedrine contained in the pills into a liquid form at his own residence. J.A. 213-14. Clyburn admitted that he then brought over a bottle filled with approximately 500 grams of “water which contained a detectable amount of methamphetamine.” J.A. 192, 203, 213-14.* Thus, Clyburn’s direct testimony supported the jury’s finding that he manufactured at least fifty grams of a mixture containing a detectable amount of methamphetamine as part of a conspiracy with the Lovells. I would therefore resolve the merits of this claim on that testimony alone.
The majority proceeds, however, to delve into other conspiracies that may have occurred during the six-month period in which Clyburn manufactured methamphetamine. In so doing, the majority impermissibly veers toward speculation by attributing the total amount of methamphetamine (approximately fifty to ninety grams) Clyburn had manufactured during this six-month period to an overarching conspiracy between Clyburn, his various girlfriends, his girlfriends’ unidentified acquaintances, Harper, and the Lovells. *350 There was no evidence to support the theory that Clyburn was the “lynchpin” of these numerous, smaller conspiracies, which began and ended at various times during the six-month period. In effect, the majority simply collapses distinct instances of Clyburn’s methamphetamine production with unrelated individuals into a single conspiracy between all of these individuals based solely on the fact that they occurred during the six-month period. Cf. United States v. Barsanti, 943 F.2d 428, 439 (4th Cir.1991) (“A single conspiracy exists where there is one overall agreement, ... or one general business venture---- Whether there is a single conspiracy depends upon the overlap of [the] main actors, methods and goals.” (internal quotation marks and citations omitted)).
I otherwise concur in the opinion and the judgment.

 Although Clyburn claimed that the methamphetamine contained in the water was not usable, he admitted he frequently injected methamphetamine into his arm or leg with a syringe filled with water and methamphetamine. J.A. 172, 203-04.